Wanamaker, J.
This is an original action in quo warranto brought by the relators, S. A. Turner, F. D. Redkey and John E. Burns, citizens and electors of the Highland county school district, who claim in their petition that at the election held in November, 1921, they were duly elected members of the county board of education of Highland county.
*192 They further claim that they duly qualified, pursuant to the statute, as such members of the board of education, but that the defendants refused to yield possession of office as members of the board of education, and have ever since usurped and unlawfully held and exercised such office, to the exclusion and against the rights of the relators.
To that petition the defendants demurred upon the following grounds:
1. That the court has no jurisdiction of the persons of the defendants herein.
2. That the court has no jurisdiction of the subject of the action herein.
3. That none of the relators has legal capacity to sue herein.
4. That there is a misjoinder of parties plaintiff.
5. That there is a misjoinder of parties defendant.
6. That several causes of action are improperly joined.
7. That separate causes of action against several defendants are improperly joined.
Taking up these several grounds of the demurrer in the order in which they are discussed in the defendants’ brief, attention is first called to the second ground, that the court has no jurisdiction of the subject of the action. The defendants claim that this contention is settled by the case of State, ex rel. Lowes, v. Thompson, 34 Ohio St., 365, in which the syllabus reads:
“Where a relator prosecutes a civil action in quo warranto under the revised code, in his private right, he is not required to obtain leave to file the petition; but the action must be brought in the county in which the defendant resides or may be sum *193 moned, in accordance with section 10, chapter 5, title 1, of the act.”
It is sufficient to say that the jurisdiction of this court is no longer fixed by legislative act or court rule, but by the constitution itself. Section 2, Article IV of the Constitution of Ohio as amended in 1912, provides, among other things: “It [the supreme court] shall, have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo.”
In the same article, the following language appears : “No law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the supreme court.”
This language in letter and spirit clearly authorizes “any person” entitled thereto to invoke over any citizen of Ohio the jurisdiction of the supreme court of Ohio in quo warranto, and the statute itself, Section 12307, General Code, clearly gives plaintiff the right to invoke such a remedy:
“A person claiming to be entitled to a public office unlawfully held and exercised by another, by himself or an attorney at law, upon giving security for costs, may bring an action therefor.”
To hold otherwise would be to limit those against whom an original action in quo warranto could be brought in the supreme court of Ohio to those citizens who reside in Franklin county, and to deny an equal right where the defendants reside in any one of the other eighty-seven counties. A simple statement of this proposition makes self-evident its absurdity.
But the statute quoted does not limit the right merely to “the county in which the defendant resides,” but is followed up by this language, “or may be summoned.” Clearly any citizen of Ohio, in an *194 original action begun in the supreme court of Ohio, may be summoned to appear and answer in that court.
Under the Schedule attached to the Constitution of 1912, if any statute in any wise impaired the full jurisdiction of the supreme court over its citizens in its original action authorized in the constitution, such statute by such schedule would expressly and obviously fall. The contention is without merit.
The second contention considered in the defendants’ brief relates to the jurisdiction of the persons of the defendants, which is challenged. A sufficient answer to that claim is that the defendants entered their full appearance by the filing of the demurrer. The third defendant, who did not join in the demurrer, has raised no such question.
The third contention made, “that none of the relators has legal capacity to sue herein,” is answered by the statute quoted in defendants ’ brief, which expressly authorizes such action.
The misjoinder of parties plaintiff and defendant is without merit, for the self-evident reason that neither relators nor defendants, as individuals, are entitled to any particular official membership of the five that constitute the board, but upon the contrary are merely entitled to a membership on the board. Neither is either predecessor or successor of the other.
The other contentions raised are equally without merit. The demurrer is overruled, and the writ allowed.

Judgment for relators.

Marshall, C. J., Hough, Robinson, Jones and Matthias, JJ., concur.
Clark, J., took no part in the consideration or decision of the ease.